UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
PAIGE CARTER,                               )
                                            )   Case No.: 1:18-cv-06762-KAM-RER
           Plaintiff,                       )
vs.                                         )   FIRST AMENDED COMPLAINT
                                            )
BKLN GARDEN LLC D/B/A                       )   JURY TRIAL DEMANDED
FREEHOLD,                                   )
                                            )
           Defendant.                       )
-------------------------------------------------------x

1. Plaintiff Paige Carter, by and through her undersigned counsel, brings this action for discrimination and retaliation in employment on the basis of sex and gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §§ 2000e, et. seq., the New York State Human Rights, Law, the New York Executive Law §§ 290 and 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Adm. Code § 8-101 et seq. ("NYCHRL") (hereinafter collectively referred to as the "anti-discrimination laws") against her former employer, Defendant BKLN Garden LLC d/b/a Freehold ("Freehold").

## THE PARTIES

2. Plaintiff Paige Carter is a woman who resides in Queens, New York. Plaintiff graduated from Elon University and holds an advanced degree in Stage and Event Management from Columbia University. On or about August 29, 2018, the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right to Sue Letter by regular

1

mail, a copy of which is attached to the original Complaint as Exhibit A. Plaintiff timely commenced this action within ninety (90) days of receipt thereof.

3. Defendant BKLN Garden LLC d/b/a Freehold ("Freehold") is a large, mixed use work space, restaurant and event space located at 45 South 3rd Street, Brooklyn, New York. Freehold is co-owned and managed by Brice Jones and Brad Gallagher.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 42 U.S.C. §§ 2000e, *et. seq.*, and 28 U.S.C.§ 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the majority of unlawful acts complained of occurred in, and the records relevant to such practices are maintained in, this District where Defendant resides.

## STATEMENT OF FACTS

7. On October 10, 2016, Ms. Carter commenced her employment with Freehold and held the position of floor manager. She was compensated at the rate of $800 per week.

8. Freehold is a mixed-use work, restaurant, and event space which caters to Williamsburg's young and upwardly mobile crowd. Freehold, which is open from 7:00 a.m. until 2:00 a.m. and sometimes 4:00 a.m., includes a coffee shop, restaurant, cocktail bar, work and meeting spaces, free WiFi and a large outdoor area with Ping-Pong. Freehold regularly hosts live events, including standup comedy, DJs, live music and panel discussions.

9. Prior to joining Freehold, Ms. Carter had extensive experience working in event management and held management positions at The Light Nightclub, Las Vegas, NV, The ACT Nightclub, Las Vegas, NV (sister club of The Box in NYC), and the National Artist Management Company, NYC, among others.

10. Ms. Carter was an excellent employee and was well regarded by the Company's staff of approximately 100 persons, who affectionately referred to her as "Mama Paige."

11. In December 2016, Ms. Carter was given additional responsibilities at Freehold, including managing, staffing and scheduling events, and her pay was increased to $ 1,100 per week.

12. Although Ms. Carter was performing all essential duties of a Senior Manager, she was not given that title or the pay commensurate with other Senior Managers of the Company. Importantly, most other Senior Managers were men who had the same or less experience as Ms. Carter. None of the current or prior male Senior Managers, however, had earned a similar advanced degree in their field as Ms. Carter. Indeed, Ms. Carter was made aware through the Company's payroll records, for which she had significant responsibilities, that all prior Senior Managers — all of whom were men -were compensated at a rate of at least $ 1,500 per week, if not more.

13. Ms. Carter's responsibilities at Freehold continued to grow and expand and included, *inter alia*, payroll, reviewing excel spread sheets for payroll discrepancies, planning and organizing events in conjunction with the events team, creation of ROE (run of event), staffing and scheduling for servers, bussers, bar-backs and porters, creation and

implementation of staff training, staff discipline, including termination, live music show advance work, and other ad hoc duties and responsibilities that would be assigned as they arose.

14. In or around July 2017, at a meeting with the co-owners of Freehold, Mr. Gallagher and Mr. Jones, Ms. Carter requested that she be paid $ 1,500 per week, which was the amount, at minimum, at which Freehold's current and former Senior Managers, all males, had been paid. In sum and substance, Ms. Carter told her managers, Mr. Jones and Mr. Gallagher, that she was being paid less than Freehold's male Senior Managers. In some instances, her starting salary was less than half as much as male managers who held similar positions and responsibilities. Ms. Carter stated that she believed the only reason she was being paid less was because she was a woman, given her advanced degree and extensive qualifications in her field. Ms. Carter stated that unlike the male Senior Managers, she held an advanced degree and she was uniquely qualified for the position that she held at Freehold, managing and building the Events program and customer experience on nightclub nights. Ms. Carter's request for equal pay was denied.

15. At this same meeting, Freehold agreed to increase Ms. Carter's pay to $1,250 per week. In exchange for the pay raise, Freehold provided Ms. Carter with a list of non-objective and largely immeasurable performance targets, such as "to make the mistakes of others her mistakes" and "become more empathetic toward those around her at work." During the following months, Ms. Carter sent weekly emails to Mr. Jones and Mr. Gallagher, co-owners and managers of Freehold, indicating the actions she had taken in order to meet her

performance targets. Freehold, *i.e*., Mr. Jones and Mr. Gallagher, entirely failed to respond to these emails.

16. During a Freehold company event on July 4, 2017, Mr. Gallagher asked Ms. Carter's male fiancé, in sum or substance, for advice as to how he could "control her" and get what he wanted out of Ms. Carter. In other words, Mr. Gallagher was asking for advice, man to man, on how best to exploit female labor and avoid equal pay to Ms. Carter's detriment.

17. In early September 2017, Ms. Carter was instructed to attend a meeting on September 5, 2016, with Mr. Jones and Mr. Gallagher to discuss a promotion. Instead, at this meeting, Mr. Jones terminated Ms. Carter, explaining only that she was a "bad fit" for Freehold. Ms. Carter stated at this meeting that she believed she was being terminated because she was a woman and had insisted on being paid the same amount as the men who had performed the same duties as Ms. Carter for Freehold.

18. Since her termination by Freehold on or around September 5, 2017, Ms. Carter has diligently searched for comparable employment and has satisfied her duty to mitigate damages. Nevertheless, as a result of Freehold's gender-based discrimination and retaliation, Ms. Carter has suffered and continues to suffer damages.

**FIRST CAUSE OF ACTION**

**(Gender and Sex Discrimination in Violation of 42 U.S.C. § 2000e)**

19. Plaintiff repeats and realleges each and every allegation contained above as if set forth fully herein.

20. Defendant Freehold discriminated and retaliated against Plaintiff in the terms and conditions of her employment based on her sex and gender in violation of 42 U.S.C. §2000e.

## SECOND CAUSE OF ACTION

### (Gender and Sex Discrimination in Violation of NYSHRL)

21. Plaintiff repeats and realleges each and every allegation contained above as if set forth fully herein.

22. Defendant Freehold discriminated and retaliated against Plaintiff in the terms and conditions of her employment based on her gender and sex in violation of NYSHRL, the New York Executive Law §§ 290 and 296.

## THIRD CAUSE OF ACTION

### (Gender and Sex Discrimination in Violation of NYCHRL)

23. Plaintiff repeats and realleges each and every allegation contained above as if set forth fully herein.

24. Defendant Freehold discriminated and retaliated against Plaintiff in the terms and conditions of her employment based on her gender and sex in violation of NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues as of right by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Awarding Plaintiff lost wages and compensatory damages, including damages for emotional distress;

B. Awarding Plaintiff punitive damages in an amount to be determined at trial;

C. Awarding Plaintiff all costs of this action and reasonable attorney's fees; and

D. Granting Plaintiff such other relief as the Court deems appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: February 15, 2019
New York, New York

GISKAN SOLOTAROFF & ANDERSON LLP

By: /s/ Catherine E. Anderson
Catherine E. Anderson
canderson@gslawny.com
(212) 847-8315 x 12
217 Centre Street, 6th Floor
New York, New York 10013

**WYLIE STECKLOW PLLC**
Wylie Stecklow, Esq.
wylie@wylielaw.com
217 Centre Street, 6th Floor
New York, New York 10013

Attorneys for Plaintiff